IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER GENE GLORIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-16-419-W |
| ) | |
| JANET DOWLING, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Lee R. West has referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition [Doc. No. 1] has been promptly examined, and for the reasons set forth herein, it is recommended that the action be dismissed upon filing for lack of subject matter jurisdiction.

**I.    Background**

In November 1988, Petitioner was convicted by a jury of First Degree Murder by Child Abuse, Case No. CF-97-128, District Court of Beckham County, State of Oklahoma. The Oklahoma Court of Criminal Appeals affirmed the conviction in February 2000.

Petitioner filed a prior habeas action in May 2011 and raised the same grounds for relief as raised on direct appeal. *See Gloria v. Jones*, Case No. CIV-11-597-W (W.D. Okla.) (Pet. filed May 26, 2011); *see also id.* R.&R. [Doc. No. 11] (filed August 8, 2011).[1] The court denied

---

[1] This Court takes judicial notice of the factual background and other findings set forth in the Report and Recommendation, adopted by Order [Doc. No. 12] filed September 13, 2011. As set forth in the Report and Recommendation, Petitioner raised the following grounds for relief:

Petitioner's habeas corpus petition finding it was untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). *See* R.&R. at pp. 3-6. Petitioner did not object to the Report and Recommendation and the court adopted it and entered judgment on September 13, 2011. *See* Order and J. [Doc. Nos. 12-13].

On April 25, 2016, Petitioner commenced the present action with the filing of a document entitled: "Motion for Relief from Judgment of First Federal Proceeding Under Federal Rules of Civil Procedure, Rule 60(b)(6) or, Application for § 2254 Habeas by State Prisoner" [Doc. No. 1].[2] For the reasons set forth below, the Court finds that Petitioner is seeking new grounds for federal habeas relief in this action. Therefore, Petitioner must first obtain prior authorization from the Tenth Circuit Court of Appeals to proceed with his claims and this Court lacks jurisdiction to consider the merits of the claims absent authorization from the circuit court.

---

(1) Petitioner was denied a fair trial when the trial court allowed the jury to see a picture of the victim taken when he was alive;
(2) Petitioner was denied a fair trial when evidence of other bad acts was improperly admitted;
(3) Petitioner was denied a fair trial when the State did not disclose that one of its witnesses had been intimidated prior to trial by Melissa Vowell;
(4) The trial court erred in failing to instruct the jury that Melissa Vowell was an accomplice as a matter of law;
(5) The trial court erred in allowing Dr. Ann Morie Spencer to testify to the ultimate issue of fact; and
(6) The cumulation of errors denied Petitioner a fair trial.

*See id.* at pp. 2-3.

[2] Although Petitioner purports to seek relief from a final judgment under Fed. R. Civ. P. 60(b), notably he did not file a motion in the prior habeas action but instead commenced a new action.

## II. Screening Requirement

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Likewise, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue sua sponte at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see also* Fed. R. Civ. P.12(h)(3); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006) (Rule 60(b) motion was actually a second or successive § 2254 habeas petition over which the district court "lacked subject matter jurisdiction.").

## III. Grounds for Relief

In this action, Petitioner claims he is actually innocent and that his conviction is the result of "the denial of due process and biased decisions combined with improper process and prejudice" both at trial and during the course of state post-conviction proceedings. *See* Pet. at p. 20, 21-46.[3] A review of the lengthy allegations of the Petition establishes that Petitioner contends his conviction is based on falsified and perjured testimony and that the trial judge was biased.

Petitioner also addresses a number of issues relevant to the procedural posture of his case:

- Petitioner acknowledges that he did not obtain prior authorization from the Tenth Circuit Court of Appeals to pursue a second or successive habeas petition. Petitioner contends, however, that this is not a second or successive petition but a motion brought pursuant to Fed. R. Civ. P. 60(b)(6). (Pet. at p. 9).

---

[3] Citations to the Petition reference the Court's Electronic Case Filing (ECF) pagination.

- Petitioner "concedes and admits" that his request for habeas relief is untimely. (Pet. at p. 23).

- Petitioner "doesn't aver that he has any new, reliable evidence that the convicting jury did not hear and determine that undermines the verdict as in Schlup." (Pet. at p. 24).[4]

- Petitioner did not object to the Report and Recommendation in his prior habeas action "due to inadequate, ineffective, ill-trained and unskilled prison law assistant . . . ." (Pet. at p. 35).

IV. Analysis

A. Second or Successive Habeas Claims of Actual Innocence

"A post-judgment motion must be treated as a second or successive petition and certified by an appellate panel if it asserts or reasserts a substantive claim to set aside a movant's criminal conviction." *Kingsolver v. Ray*, 242 F. App'x 476, 477 (10th Cir. 2007) (*citing Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (deciding the extent to which a Fed. R. Civ. P. 60(b) motion filed in a § 2254 proceeding should be considered a second or successive habeas petition); *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) ("[u]nder *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.")). Here, Petitioner seeks to assert a substantive claim to set aside his conviction based on his actual innocence.

Petitioner's prior habeas petition, dismissed as untimely, was denied on the merits rendering the instant petition second or successive. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (dismissal of petitioner's first habeas petition as time-barred was a decision on the merits, and any later habeas proceeding challenging the same conviction is

---

[4] *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).

4

second or successive). The actual innocence claim presented in this habeas corpus action was not presented in the prior habeas petition.[5]

As set forth, Petitioner acknowledges that he has not obtained the required prior authorization from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Therefore, this Court must either dismiss the petition for lack of jurisdiction or transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The following factors assist in determining whether a transfer is in the interest of justice and, therefore, appropriate: (1) whether the claims would be time barred if filed anew in the proper forum; (2) whether the claims are likely to have merit; and (3) whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *Id*. Upon consideration of these factors, the Court concludes a transfer is not in the interest of justice. Any challenge to Petitioner's conviction is time-barred and his claims of actual innocence are not likely to have merit. Petitioner concedes he does not rely on any new evidence but rather focuses his claim of actual innocence on various alleged due process violations that occurred during the course of his trial. *See* Pet. at p. 24; *see also id*. at p. 34 (recognizing that "[e]ssentially every issue, in substance, was raised by [Petitioner's] defense team in the 'Motion for New Trial' which they filed on his behalf immediately after conviction – and mostly raised on direct review."). Thus, it does not appear Petitioner could satisfy the high

---

[5] However, Petitioner claimed in the prior action that the limitations period should be equitably tolled based on his actual innocence. And, Petitioner raised a claim alleging a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), in the prior action. Petitioner's present action similarly makes reference to a *Brady* violation as support for his claim of actual innocence. To the extent Petitioner reasserts claims previously raised, those claims must be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application that was presented in a prior action shall be dismissed.").

standards that accompany a claim of actual innocence. *See McQuiggin v. Perkins*, − U.S. −, 133 S.Ct. 1924, 1933 (2013) (underscoring that the miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable would have convicted [the petitioner]'" (*quoting Schlup*, 513 U.S. at 329)).

Moreover, it does not appear that Petitioner would be able to satisfy the requirements for prior authorization under § 2244(b)(2). Significantly, Petitioner does not rely on a new rule of constitutional law or newly discovered evidence in support of his actual innocence claim. Accordingly, the Petition should be dismissed for lack of jurisdiction.[6]

### B. Ineffective Legal Assistance Allegations

Petitioner also claims he did not timely object to the Report and Recommendation in his prior habeas action due to the ineffective assistance of a prison legal assistant. *See* Pet. at p. 9.[7] According to Petitioner, he did not receive timely notice of the Report and Recommendation. Arguably, this claim may fit within the contours of Rule 60. *See Gonzalez*, 545 U.S. at 532 (recognizing that where a claim does not attach the "substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the claim is properly brought pursuant to a motion seeking relief under Rule 60(b)). Nonetheless, the claim lacks merit.

A Rule 60(b) motion "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez*, 545 U.S. at 528; *see also* Fed. R. Civ. P. 60(a)-(d). Petitioner seeks to invoke the provisions of Fed. R. Civ. P.

---

[6] This result is not altered to the extent Petitioner purports to rely on actual innocence as grounds for equitable tolling of the limitations period.

[7] Petitioner never identifies the basis for any such objections.

6

60(b)(6) which provides for relief from a final judgment for "any other reason that justifies relief." *Id*. A petitioner seeking relief under Rule 60(b)(6) must demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. Such circumstances will "rarely occur in the habeas context." *Id*.

There is no constitutional right to counsel beyond the direct appeal of a criminal conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Thus even if Petitioner's reliance on a prison legal assistant deprived him of the ability to file a timely objection to the Report and Recommendation, he has not demonstrated grounds for obtaining relief under Rule 60(b)(6).[8]

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be dismissed without prejudice to refiling for lack of jurisdiction. To the extent Petitioner seeks relief pursuant to Fed. R. Civ. P. 60(b)(6), relief should be denied.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by June 29, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[8] In addition, a motion under Rule 60(b)(6) must be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Petitioner provides no explanation as to why he waited well over four years to pursue relief pursuant to Rule 60(b)(6). *Compare Lora v. West*, No. 04 CIV 1902(RJH)(GWG), 2010 WL 1541339 at *2 (S.D. N.Y. April 16, 2010) (unpublished op.) (collecting cases where "[c]ourt's have consistently found delays [in moving for Rule 60(b)(6) relief] shorter than four years to be unreasonable in habeas corpus cases").

The Clerk of Court is directed to transmit a copy of this Report and Recommendation by electronic mail to the Attorney General of the State of Oklahoma on behalf of Respondent at fhc.docket@oag.state.ok.us.

**STATUS OF REFERRAL**

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 8th day of June, 2016

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE