IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER GENE GLORIA, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. CIV-16-419-W ) |
| JANET DOWLING, Warden, | ) ) ) |
| Respondent. | ) |

## ORDER

On June 8, 2016, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation in this matter and recommended inter alia that this action be dismissed for lack of subject matter jurisdiction. Petitioner Peter Gene Gloria, a state prisoner proceeding pro se, was advised of his right to object, see Doc. 7 at 7, and the matter now comes before the Court on Gloria's Objection to the Report and Recommendation. See Doc. 10.

Upon de novo review of the record, the Court concurs with Magistrate Judge Jones' suggested disposition of this matter. Gloria commenced this action by filing a "Motion for Relief from Judgment of First Federal Proceeding Under Federal Rules of Civil Procedure, Rule 60(b)(6), or Application for § 2254 Habeas by State Prisoner" (hereafter "Motion"). See Doc. 1. Despite Gloria's reliance on Rule 60(b)(6), supra, and his contention that his motion "is not a second or successive petition," Doc. 1 at 9,[1] seeking relief under title 28, section 2254 of the United States Code, the Court finds that Gloria's pleading should be

---

[1] The Court DECLINES Gloria's request in his Objection to the Report and Recommendation "that he be allowed to amend this pleading to be renumbered as . . . his first and initial habeas petition . . . ." Doc. 10 at 3 (emphasis deleted).

construed as one seeking relief under that section.[2] See Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006). Gloria was therefore required to obtain authorization from the United States Court of Appeals for the Tenth Circuit before commencing this action. See 28 U.S.C. § 2244(b)(3).

The circuit has held in those instances "[w]hen a second or successive [section] 2254 . . . claim is filed in the district court without . . . authorization from . . . [the appellate] court, the district court may transfer the matter to th[e] [appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the [matter] . . . for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)(per curiam) (citations omitted). The Tenth Circuit has further ruled that "[w]here there is no risk that a meritorious successive [section 2254] claim will be lost absent a . . . transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to th[e] [appellate] court for authorization." Id. (citation omitted).

Gloria has not sought the required authorization, and because no meritorious claim will be lost absent transfer, the Court finds in its discretion that it would not further the interest of justice to transfer this matter to the Tenth Circuit.

Accordingly, the Court[3]

(1) ADOPTS the Report and Recommendation [Doc. 7] issued on June 8, 2016;

---

[2]To the extent, if any, this matter is also or in the alternative construed as one seeking relief under Rule 60(b), supra, Gloria, as Magistrate Judge Jones found, not only has failed to demonstrate the necessary "extraordinary circumstances" in connection with his contention that his failure to object to the Report and Recommendation issued in Case No. CIV-11-597-W was "due to [an] inadequate, ineffective, ill-trained and unskilled prison law assistant," Doc. 1 at 35, but also has failed to adequately explain why he did not seek relief "within a reasonable time[.]" Rule 60(c)(1), supra.

[3]The Court DECLINES Gloria's request for an evidentiary hearing. See Doc. 10 at 9.

2

(2) DISMISSES without prejudice for lack of subject matter jurisdiction Gloria's Motion for Relief From Judgment of First Federal Proceeding Under Federal Rules of Civil Procedure, Rule 60(b)(6), or Application for § 2254 Habeas [Doc. 1] file-stamped April 25, 2016; and

(3) to the extent Gloria has relied in that document on Rule 60(b)(6), supra, DENIES any relief Gloria has requested under that rule.

ENTERED this 23rd day of August, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE